# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL ALLEN RISENHOOVER, | Case No. 1:17-cv-01696-LJO-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILURE/INABILITY TO STATE A CLAIM** |
| v. | |
| TULARE COUNTY SHERIFF'S DEPARTMENT, et al., | **(Doc. 10)** |
| | **21-DAY DEADLINE** |
| Defendants. | |

Plaintiff alleges that while he was restrained in a hospital bed after a suicide attempt, Deputy Davalos lifted his hospital gown and took pictures of Plaintiff's upper legs and genitals and thereafter sat by Plaintiff's bedside and "texted the photos." The Court screened the First Amended Complaint and dismissed it with leave to amend. Despite the Court providing him the applicable standards, Plaintiff fails to state any cognizable claims in the Second Amended Complaint. It suffers from the same defects as identified by the Court in the First Amended Complaint and Plaintiff's factual allegations have become sparse. Thus, further leave to amend would be futile and this action should be DISMISSED.

**B.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.** **<u>Summary of the Second Amended Complaint</u>**

Though currently incarcerated at Salinas Valley State Prison, Plaintiff's complaint is based on events that occurred in April of 2014, while he was in the custody of the Tulare County Sheriff.[1] Plaintiff names the Tulare County Sheriff's Department (TCSD) and Deputy Davalos as defendants and seeks monetary damages.

---

[1] Though not specifically stated, it appears that Plaintiff was a state inmate when the events at issue occurred as the CDCR Inmate Locator reflects that he was admitted into CDCR custody on April 5, 2013. The Court may take judicial notice of undisputed matters of public record. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012). Thus, though Plaintiff was in the Sheriff's custody at the time, the Court evaluates the Plaintiff's allegations under the standards for prisoners and not for pretrial detainees.

Plaintiff alleges that in April of 2014, he was hospitalized at Kaweah Delta Hospital in Visalia while in the custody of the TCSD. Plaintiff was admitted to the hospital and placed under mental health observation after he cut his neck in a suicide attempt while in the back of a TCSD vehicle during transport for a court appearance. TCSD detectives interviewed Plaintiff and took pictures of his wounds for their official records. Deputy Davalos was then assigned to watch Plaintiff that night in the hospital. Plaintiff knew Deputy Davalos and the other deputies because he used to be a deputy in the same department -- from 2003 to 2012.

Plaintiff alleges that Deputy Davalos lifted Plaintiff's hospital gown and, with Davalos' personal cell phone, took pictures of Plaintiff's upper thigh and groin area. Deputy Davalos knew the detectives had already taken photos and department policy does not allow personal cell phone usage on duty. Deputy Davalos then sat in a chair next to Plaintiff's bed and began texting out the pictures. Plaintiff seeks to proceed against Deputy Davalos for violation of his rights under the Equal Protection Clause and against TCSD for violation of his rights to privacy under the Fourteenth Amendment.

Despite the Court previously providing the applicable standards for the claims, and informing him of the deficiencies in his factual allegations, the Second Amended Complaint suffers from the same defects as the First Amended Complaint. For the reasons discussed in detail below, Plaintiff's claims are not cognizable. Thus, this action should be dismissed.

### C. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

Though "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### D. <u>Plaintiff's Claims</u>

#### 1. **Deputy Davalos - Equal Protection**

In Claim 1, Plaintiff alleges that Deputy Davalos engaged in the acts alleged in discrimination of Plaintiff's mental illness. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439(1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *Lee v. City of Los*

4

*Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Cognitive impairment is a protected class. *See City of Cleburne, Tex. V. Cleburne Living Center*, 473 U.S. 432, 443 (1985) (noting that, in compliance with the Equal Protection Clause, the Federal Government has "outlawed discrimination against the mentally retarded in federally funded programs, *see* § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, but it has also provided the retarded with the right to receive 'appropriate treatment, services, and habilitation' in a setting that is 'least restrictive of [their] personal liberty.' Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 6010(1), (2).") Further, to establish a violation of the Equal Protection Clause, the prisoner must show discriminatory intent by prison personnel. *See Washington v. Davis*, 426 U.S. 229, 239-240 (1976); *Serrano*, 345 F.3d at 1081-82; *Freeman v. Arpio*, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff does not state a cognizable Equal Protection claim. Though Plaintiff's allegations show his protected class membership, he does not show discriminatory intent by Deputy Davalos. Plaintiff's allegations that he "was discriminated against because he was mentally impaired" is nothing more than a threadbare recital of the elements of an equal protection claim which does not suffice. *Iqbal*, 556 U.S. at 678. Such "'bare assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim, "for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss* 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion, even if that conclusion is cast in the form of a factual allegation." *Id*.

The clear implication of Plaintiff's allegations in this action is that Deputy Davalos took the embarrassing photographs of Plaintiff and sent them around to other deputies whom they both knew because Plaintiff used to be a sheriff's deputy and work with all of them -- i.e. to let everyone know how far Plaintiff had fallen from grace. Though mean-spirited, such actions do not violate the Equal Protection Clause.

///

### 2. TCSD - Right to Privacy

In Claim 2, Plaintiff alleges that the TCSD violated his right to privacy under the Fourteenth Amendment: (1) by not ensuring adherence to their policy on personal cell phone usage; (2) by not ascertaining who viewed the photos of Plaintiff; (3) by not taking "adequate steps in minimizing the gratuitous invasion of Plaintiff's privacy"; and (4) by not taking any steps to alleviate Plaintiff's fears and emotional distress by failing to inform him of the photos distribution or results of any investigation into the matter. (Doc. 15, pp. 4-5.)

As stated in the prior screening order, the privacy rights of prisoners are "severely curtailed" by their confinement. *United States v. Van Poyck*, 77 F.3d 285, 291 (9th Cir. 1996). Nevertheless, "[i]t is clearly established that the Fourteenth Amendment protects a sphere of privacy, and the most 'basic subject of privacy [is] the naked body.' " *Hydrick v. Hunter*, 500 F.3d 978, 1000 (9th Cir. 2007) (quoting *Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985)). "While the circumstances of institutional life demand that privacy be limited, it is clearly established that gratuitous invasions of privacy violate the Fourteenth Amendment." *Id*. However, "this calls for a highly factual inquiry." *Id*. Factors the Court has considered include: (1) the gender of those prison officials who viewed inmates; (2) the angle and duration of viewing; and (3) the steps taken to minimize invasions of privacy." *Id*., citing *Grummett*, 779 F.2d at 494-95.

For example, in *Grummett*, the Court considered a claim by male inmates that their right to privacy was violated by female officers viewing them while dressing, showering, being strip searched, or using the toilet. *Id*., 779 F.2d at 492. The Ninth Circuit assumed "the interest in not being viewed naked by members of the opposite sex is protected by the right of privacy." *Id*., 779 F.2d at 494. Unfortunately, the prison context diminishes the expectation of privacy which means that any privacy claim that Plaintiff might intend to assert based on Deputy Davalos' conduct is not cognizable since they are the same gender. Further, Plaintiff's allegations are not cognizable against TCSD for municipal liability.

Although 42 U.S.C. § 1983 imposes liability only on "persons" who, under color of law, deprive others of their constitutional rights, the Supreme Court has construed the term "persons"

to include municipalities such as Tulare County and its Sheriff Department. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, a municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Id*. at 691. This means that a municipality is not liable under § 1983 based on the common-law tort theory of *respondeat superior*. *Id*.

The offending municipal policy in question may be either formal or informal. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988) (plurality opinion) (acknowledging that a plaintiff could show that "a municipality's actual policies were different from the ones that had been announced"); *id*. at 138 (Brennan, J., concurring) (stating that municipal policies may be formal or informal). A formal policy exists when "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion). When pursuing a *Monell* claim stemming from a formal policy, a plaintiff must allege and ultimately prove that the municipality "acted with the state of mind required to prove the underlying violation." *Tsao v. Desert Palace*, *Inc.*, 698 F.3d 1128, 1143-44 (9th Cir. 2012) (explaining that the plaintiff must prove that the municipal defendants acted with deliberate indifference, the same standard that a plaintiff has to establish in a § 1983 claim against an individual defendant).

An informal policy, on the other hand, exists when a plaintiff can prove the existence of a widespread practice that, although not authorized by an ordinance or an express municipal policy, is "so permanent and well settled as to constitute a custom or usage with the force of law." *Praprotnik*, 485 U.S. at 127. Such a practice, however, cannot ordinarily be established by a single constitutional deprivation, a random act, or an isolated event. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). Instead, a plaintiff must show a pattern of similar incidents in order for the factfinder to conclude that the alleged informal policy was "so permanent and well settled" as to carry the force of law. *See Praprotnik*, 485 U.S. at 127. Plaintiff fails to state any fact upon which to find that a policy, formal or informal, existed within the TCSD that condoned Deputy Davalos' conduct, or that condoned minimization of his allegations against Deputy Davalos by

the investigating detective. Further, for the reasons discussed in the preceding section, Deputy Davalos' actions did not violate Plaintiff's federal rights upon which to base a policy claim against TCSD.

**II.    CONCLUSION**

Plaintiff's Second Amended Complaint fails to state any cognizable claims upon which to proceed in this Court. Given that the Second Amended Complaint suffers from the same defects as the First Amended Complaint, it appears futile to allow further amendment and Plaintiff need not be granted leave to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court **RECOMMENDS** that this entire action be dismissed based on Plaintiff's failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **November 15, 2018**            /s/ Jennifer L. Thurston
                                            UNITED STATES MAGISTRATE JUDGE